## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

DMITRI ALI DAVIS,                             )
                          Plaintiff,          )
v.                                            )        Case No. CIV-05-1129-L
                                              )
REDMOND P. KEMETHER, SUSAN W.                 )
BRAGG, JOHN WHETSEL, and JOSH LEE,[1]         )
                                              )
                          Defendants.         )

## REPORT AND RECOMMENDATION

Plaintiff, formerly a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Judge Leonard has referred this matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The civil rights Complaint submitted by Plaintiff has been examined. Because the Complaint fails to state a claim upon which relief may be granted, it is recommended that this action be dismissed. *See* 28 U.S.C. § 1915(e)(2).[2] It is further recommended that this dismissal count as a prior occasion or "strike" pursuant to 28 U.S.C. § 1915(g).

---

[1] In document number 5, Plaintiff advises the Court of his intention to add as a defendant Mr. Josh Lee, identified by Plaintiff as a "criminal lawyer." A party may amend his pleading once as a matter of course at any time where, as here, a responsive pleading has not been served. Fed.R.Civ.P. 15(a). Therefore, Mr. Lee is treated as a Defendant for purposes of initial review.

[2] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . or seeks relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

**Background and Claims Presented**

According to Plaintiff, two cases are pending against him in the Oklahoma County District Court: CF-2004-1584 and CF-2004-4178.  Defendant Kemether represented Plaintiff in some of the proceedings before Defendant Bragg, a district court judge.  According to Plaintiff, Defendant Bragg raised his bail from $5,000 to $26,000, jailed him, and remanded his case "to account for [Plaintiff's] prior drug convictions."  Complaint at 6.[3]  According to Plaintiff, his return to jail[4] constituted his being "punished twice for a crime [he] did once" in violation of the Double Jeopardy Clause of the Fifth Amendment.  *Id.* at 8.  He further alleges that his bond was excessive in violation of the Eighth Amendment.  *Id.* at 9.  Plaintiff states that his return to jail constituted slavery in violation of the Thirteenth Amendment as well as the Fourteenth Amendment which precludes the states from making or enforcing "any law which shall abridge the privileges or immunities of citizens of the U.S."  *Id.* at 9-10.  Plaintiff states that another attorney, Defendant Josh Lee, told him that a new preliminary hearing will be held so that the state can "use [his] past crimes against [him]."  *Id.* at 11-12.  According to Plaintiff, this, too, would be a double jeopardy violation.  *Id.* at 12.

---

[3]Most of the pages in Plaintiff's Complaint are not numbered.  Citations to the Complaint reference the consecutive page numbers.

[4]Although Plaintiff states that he was "incarcerated by Judge S. W. Bragg" on May 6, 2005, he was not incarcerated when he filed this action on September 27, 2005.  Therefore, the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e do not apply to this action.  *See Ahmed v. Dragovich*, 297 F.3d 201, 210 n. 10 (3d Cir. 2002) ("We note that every court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners.").

2

In response to a bar complaint lodged against Defendant Kemether by Plaintiff, Defendant Kemether wrote Plaintiff a letter in which he stated that Plaintiff was intoxicated during one of his court appearances.[5]  Plaintiff alleges that Defendant Kemether's letter constitutes defamation because no one had administered any test to determine the level of alcohol in Plaintiff's blood.  *Id.* at 5-6.

Plaintiff further alleges that the state district court denied him his constitutional right to assistance of counsel.  He states that in Oklahoma County, if a criminal defendant "bonds out" of jail, the court will not appoint an attorney to represent him, and the defendant must pay for an attorney.[6]  *Id.* at 15.

Plaintiff contends that his incarceration in the Oklahoma County Detention Center violated his Eighth Amendment right to be free of cruel and unusual punishment.[7]  He states that Defendant Whetsel is responsible for the conditions inmates endure in the jail.  Plaintiff

---

[5]A copy of the letter is attached to the Complaint as Exhibit A.

[6]Plaintiff's knowledge of this practice is apparently derived from firsthand experience as Plaintiff states that he, himself, has "bond[ed] out . . . on several occasions."  Complaint at 6.

[7]The Eighth Amendment applies only to persons who are imprisoned as a result of a conviction.  *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).  Because Plaintiff was a pretrial detainee at the time he was allegedly subjected to the conditions of confinement of which he complains, his claims technically are for violation of his substantive due process rights.  *See Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1094 n. 1 (10th Cir. 2005) (citing *Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir.1999).  "In determining whether [a pretrial detainee's] rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases . . .."  *Id.* (internal quotation and citation omitted).  Therefore, the Eighth Amendment will be referenced in the analysis of Plaintiff's allegations concerning the conditions of his confinement.

complains that the food served is not consistent with an adult balance diet.  He complains that the cells are overcrowded, that inmates must pay $8.00 for each doctor visit, that no law library is provided, that no recreation is provided, that visits were restricted to 15 minutes, and that inmates are locked down 27-28 hours every other day and 12-14 hours on the other days.  Plaintiff alleges that the thirteen story building is "a death trap built in tornado alley." *Id.* at 13.

The remainder of Plaintiff's Complaint consists of allegations against Defendant Josh Lee.  Plaintiff states that he has paid Defendant Lee $1,250 for which Defendant Lee postponed Plaintiff's court dates from July 16, 2005, to September 29, 2005.  Plaintiff asks this Court to order Defendant Lee to refund the attorney fee.  *Id.* at 15-16.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), this Court shall dismiss a case filed by a litigant proceeding *in forma pauperis* if the action fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

To state a § 1983 claim, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  This Court must construe pleadings by a *pro se* party proceeding *in forma pauperis* liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but this Court "will not supply

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections* 165 F.3d 803, 806 (10th Cir. 1999). In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.*

## Analysis

## Claims against Defendant Judge Bragg

"Federal courts have consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005) (internal quotation and citation omitted). Judicial immunity extends to all actions so long as a judge had subject matter jurisdiction over the action. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-57 (quotation omitted). In this case, there is no suggestion that Defendant Bragg was acting without jurisdiction over Plaintiff's two cases. Because Plaintiff is seeking monetary

5

damages against a defendant who is immune from such relief, it is recommended that the claims against Defendant Bragg be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[8]

**Claims against Defendants Kemether and Lee**

Because Defendants Kemether and Lee are private citizens not acting under color of state law, Plaintiff can state a cognizable § 1983 claim against them only by adequately alleging that these defendants conspired with government actors to violate Plaintiff's federal rights. *See American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 49-50 (1999) (liability under § 1983 requires showing that deprivation of federal right was committed under color of state law). "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." *Beedle v. Wilson*, 422 F.3d at 1073 (internal quotation and citation omitted). When a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, "mere conclusory allegations with no supporting factual averments are insufficient." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Rather, the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.* In this case, Plaintiff has asserted no conspiracy claims conclusory or otherwise, and there is no indication that any such conspiracy exists. It is therefore recommended that claims against Defendants

---

[8]The Court takes judicial notice that Judge Bragg is deceased.

Kemether and Lee be summarily dismissed for failure to state a claim upon which relief may be granted.

**Claims against Defendant Whetsel**

Plaintiff alleges that Defendant Whetsel violated his Eighth Amendment rights by incarcerating him in a thirteen-story building which might not withstand a tornado. Plaintiff also challenges the food served in the jail, the lack of recreation afforded prisoners, and the fee charged for visits to a doctor. He states that the Oklahoma County Detention Center does not have a law library or a regular library.[9] He states that inmates are in their cells most of the time. He alleges that visits are conducted through plexiglass and limited to fifteen minutes.[10]

This Court must measure Plaintiff's cruel and unusual punishment allegations against prison officials' Eighth Amendment duty to maintain "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825 (1994). A plaintiff claiming a violation of the Eighth Amendment must satisfy both an objective test (whether the conditions can be considered cruel and unusual) and a subjective

---

[9]"An inmate's contentions of deprivation of access to courts must show actual injury, not mere deprivation, as a 'constitutional prerequisite' to bringing a claim." *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1107 (10th Cir. 2005). To the extent that Plaintiff is attempting to state a claim based on denial of access to the courts, the claim should be denied as Plaintiff has not demonstrated actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1977).

[10]Neither prisoners nor their visitors, however, have a constitutional right to unfettered visitation. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

test (whether the defendants acted with a culpable state of mind). *Wilson v. Seiter*, 501 U.S. 294, 298(1991).

The objective component of the Eighth Amendment test requires allegations that an inmate was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "To the extent that [an inmate's] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* "'Mere inactivity, lack of companionship and a low level of intellectual stimulation do not constitute cruel and unusual punishment.'" *Hill v. Pugh*, 75 Fed. Appx. 715, 720-721 (10th Cir. Sept. 11, 2003) (unpublished op.)[11] (quoting *Caldwell v. Miller*, 790 F.2d 589, 600-01 n. 16 (7th Cir. 1986) (internal quotation and citation omitted)).

None of Plaintiff's allegations concerning the conditions of confinement he endured during his brief incarceration in the Oklahoma County Detention Center constitutes deprivation of the minimal civilized measure of life's necessities. *See Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (noting that "[a]n important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration"). Moreover, Plaintiff has not alleged that Defendant Whetsel has deliberately created unconstitutional conditions in the Oklahoma County Detention Center. Therefore, Plaintiff has satisfied neither the objective test nor the subjective test of an Eighth

---

[11]Unpublished Tenth Circuit opinions are cited for their persuasive value pursuant to Tenth Circuit Rule 36.3.

Amendment violation.  It is recommended that the claims against Defendant Whetsel be dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Claims against Defendant Bragg should be dismissed for seeking monetary relief from a defendant who is immune from such relief pursuant to § 1915(e)(2)(B)(iii).  Claims against Defendants Kemether, Lee, and Whetsel should be dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii).  Further, the dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).  The dismissal should count as a "prior occasion," however, only after the Plaintiff has exhausted or waived his right to appeal.  *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999) (a district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal).

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by November __14th__, 2005.  *See* LCvR72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of

the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir.

1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this

matter.

ENTERED this __24[th]__ day of October, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE