IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DMITRI ALI DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No.  CIV-05-1129-L |
| ) | |
| REDMOND P. KEMETHER, SUSAN W.   ) | |
| BRAGG, JOHN WHETSEL, and JOSH LEE,[1]   ) | |
| ) | |
| Defendants.   ) | |

## O R D E R

This matter is before the court for review of the Report and Recommendation entered by United States Magistrate Judge Valerie K. Couch on October 24, 2005.  The Magistrate Judge recommended that plaintiff's action be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a 42 U.S.C. § 1983 claim upon which relief may be granted.  The Magistrate Judge further recommended that dismissal of this action should count as a prior occasion, after plaintiff has exhausted or waived his right to appeal, pursuant to 28 U.S.C. § 1915(g).

The court file reflects that plaintiff filed a timely objection to the Report and Recommendation with the Clerk of this Court.  Plaintiff filed two other supplements to his written objections, which the court also carefully considered.

---

[1]  As noted by the Magistrate Judge, plaintiff advised the court of his intention to add Josh Lee as a defendant.  The Magistrate Judge properly treated Mr. Lee as a defendant for purposes of initial review.

The court has reviewed plaintiff's objections, however, after having conducted a *de novo* review of the record, the court finds that the Report and Recommendation should be adopted in its entirety.

The Magistrate Judge properly found that plaintiff's claims against defendant Judge Bragg, who is now deceased, should be dismissed on the grounds of judicial immunity.  In his objection, plaintiff asserts that he was not seeking monetary damages against Judge Bragg directly, but rather from the state of Oklahoma.  However, even if the court were to liberally interpret plaintiff's complaint to include a claim for money damages against the state, such a claim would be barred by the Eleventh Amendment to the Constitution which generally bars suits in federal court for damages against the state.  *See* Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102 (1984).  The Magistrate Judge properly found that plaintiff has failed to state a cognizable § 1983 claim against defendants Kemether and Lee.  The court finds that the Magistrate Judge also properly concluded that plaintiff has failed to state an Eighth Amendment claim against defendant Whetsel.

Accordingly, pursuant to the recommendations of the Magistrate Judge, **this action should be and is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The claims against defendant Bragg are dismissed for seeking monetary relief from a defendant who is immune from such relief pursuant to § 1915(e)(2)(B)(iii).  Plaintiff's claims against defendants**

**Kemether, Lee, and Whetsel are dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii). Plaintiff is advised that dismissal of this action will count as a prior occasion, after plaintiff has exhausted or waived his right to appeal, pursuant to 28 U.S.C. § 1915(g).**

It is so ordered this 29th day of November, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge